IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BLAUVELT, <br> # 43511-037, <br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> Civil Action No. 3:17-CV-2855-K-BH <br><br><br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant's Motion for Summary Judgment*, filed September 21, 2018 (doc. 29). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On October 18, 2017, federal prisoner Christopher Blauvelt (Plaintiff) sued the United States of America (Defendant) under the Federal Tort Claims Act (FTCA) based on medical treatment he received at the Special Housing Unit at the Federal Correctional Institute at Seagoville (FCI-Seagoville), Texas. (doc. 3.) He alleges medical malpractice, negligence, and deliberate indifference. (*Id.* at 4.)[2]

After eating his lunch on November 3, 2016, Plaintiff complained of nausea, vomiting, and diarrhea. (doc. 30-1 at 6.) He was assessed with non-infective gastroenteritis and colitis, given a Promethazine injection, prescribed Loperamide for treatment, and told to follow up with sick call

---

[1] By *Special Order 3-251*, this *pro se* prisoner case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

as needed. (*Id*. at 7.) The next day, Plaintiff was transferred to a higher security prison facility as a result of a request for transfer dated October 17, 2016, which had been approved on October 25, 2016. (*Id*. at 26, 29, 31.) Upon his arrival at the Federal Transfer Center located in Oklahoma City, Oklahoma, a Health Intake Assessment form was completed by Tracey Blunk, R.N. (*Id*. at 13.)[3] Nurse Blunk customarily documents medical issues and anything out of the ordinary, and in completing Plaintiff's form, she did not note any issues because he "did not inform [her] at that time of any problem and . . . [she] did not notice anything out of the ordinary." (*Id*. at 13-14.) Inmates are also given the opportunity to complete a portion of the intake form and document any health issues or concerns they might have, but Plaintiff did not indicate that he had any such issues or concerns when he completed and signed the form. (*Id*. at 14, 18.)

On December 6, 2016, Plaintiff filed an administrative tort claim with the North Central Regional Office of the Federal Bureau of Prisons, that was subsequently transferred to the South Central Regional Office for processing because the alleged incident occurred in Texas. (*Id*. at 21, 24.) His administrative claim states that he "was given poisoned food to eat" while in custody at FCI-Seagoville, he saw a doctor after four hours "who diagnosed food poisoning and administered a needle which combated the symptoms effectively." (*Id*. at 24.) The doctor allegedly told him that his was not the only case of food poisoning that day. (*Id*.) The administrative claim contains no allegations that Plaintiff received improper medical treatment. (*See id*.) It seeks $12,500.00 in compensation. (*Id.*)

On September 21, 2018, Defendant moved for summary judgment on Plaintiff's claims under

---

[3] Plaintiff's complaint also alleges that he was never seen by medical staff when he arrived at a Federal Transfer Center in Oklahoma City. (*See* doc. 3 at 3.)

the FTCA. (docs. 29; 30.) With a timely-filed response and reply, the motion is now ripe for recommendation. (docs. 35; 36.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468–69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that

4

evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III. ANALYSIS

Defendant moves for summary judgment on all of Plaintiff's claims under the FTCA. (doc. 30 at 5, 10-15.)

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671–2680. To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994).

**A.     Designation of Expert**

Defendant first moves for summary judgment on Plaintiff's claims for medical malpractice and medical negligence on grounds that he "cannot produce evidence on the essential elements of his . . . claims" in the form of expert testimony. (doc. 30 at 5, 10-13.)

In FTCA cases, state law controls liability for medical malpractice claims. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Because the alleged medical malpractice took place in Texas, its law controls. Under Texas law, when a plaintiff asserts a medical malpractice claim, including a claim that a lack of treatment resulted in injury or death, he bears the burden of proving:

(1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Id.* (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)). "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet a plaintiff's burden of proof. *Id.* (quoting *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977)). In other words, subject to the narrow exception discussed above, a plaintiff must produce expert testimony to prove the applicable standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered in medical malpractice cases. *See id.* at 601–02 (standard of care and breach); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (breach and causation).[4]

The medical standard of care for severe abdominal pain, nausea, vomiting, and diarrhea are neither matters of common knowledge nor within the experience of a layperson, so Plaintiff must produce expert testimony to establish the applicable standard of care and to demonstrate that the treatment he received breached that standard. *See Hannah*, 523 F.3d at 601–02; *Prindle v. United States*, No. 4:10-CV-054-A, 2011 WL 1869795, *1–2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to a FTCA claim that medical personnel were negligent in failing to diagnose and treat renal cell carcinoma); *Woods v. United States Gov't*, No. 3:08-CV-1670-D, 2010 WL 809601, *3 (N.D. Tex. Mar. 8, 2010) (holding that expert testimony is necessary to establish the standard of care with respect to a FTCA claim that the VA doctor committed medical malpractice by prescribing a cholesterol medication that interacted with the plaintiff's diabetes and liver disease). Despite acknowledging the necessity of expert

---

[4] To the extent that Plaintiff's negligence claim is also based on the alleged failure to treat him when he arrived at the Federal Transfer Center in Oklahoma, Oklahoma law is consistent with Texas law in requiring expert testimony to prove medical malpractice, unless the "deficiency was so obvious it falls within the realm of common knowledge." *Martinez v. United States*, No. 11-CV-830-F, 2014 WL 1338119, at *5 (W.D. Okla. Mar. 28, 2014) (citation omitted).

testimony in his complaint, Plaintiff neither timely designated an expert or requested an extension of time to designate an expert witness.

By pointing out the need for, and lack of, expert testimony in this case, Defendant has met its summary judgment burden. *See Celotex*, 477 U.S. at 325. The burden now shifts to Plaintiff to identify evidence in the record that raises a genuine issue of material fact. *Celotex*, 477 U.S. at 322–24; *Little*, 37 F.3d at 1075.

Plaintiff responds that the evidence is sufficient to support a genuine material dispute and finding of negligence without the necessity of expert testimony on the standard of care. (doc. 35 at 5.) Because expert testimony is required, Plaintiff cannot meet his burden in its absence, and Defendant is entitled to summary judgment with respect to Plaintiff's medical malpractice and medical negligence claims. *See Hannah*, 523 F.3d at 602 (determining that summary judgment is proper where a medical malpractice claim needs expert testimony and the plaintiff does not designate or hire an expert); *Hess v. United States*, No. 4L8-CV-231-A, 2009 WL 1402331 at *4 (N.D. Tex. May 18, 2009) (finding that a medical malpractice plaintiff who needs but fails to provide expert testimony on the standard of care cannot create a material fact issue).

**B.** **No Cognizable Constitutional Claim**

Defendant also moves for summary judgment on Plaintiff's claim for deliberate indifference on grounds that "constitutional claims cannot be brought under the FTCA and even if they could be, [Plaintiff] has no evidence to support such claims . . . ." (doc. 30 at 5, 14-15.)

As noted, the FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28

7

U.S.C.A. § 1346(b)(1) (West Supp. 2016); 28 U.S.C.A. § 2674 (West 2006). This waiver of sovereign immunity does not apply to constitutional tort claims, however. *See Meyer*, 510 U.S. at 478 (holding that a plaintiff's FTCA claim must be based on a state-law tort claim and cannot be based on a federal constitutional or statutory claim against the Government); *Spotts v. United States*, 613 F.3d 559, 565 n.3 (5th Cir. 2010) ("Constitutional torts, of course, do not provide a proper predicate for an FTCA claim.").

A claim for deliberate indifference arises under the Eighth Amendment of the Constitution. *See Nelson v. Livingston*, No. 6:16CV53, 2016 WL 11475120, at *4 (E.D. Tex. Sept. 22, 2016) (citations omitted) ("Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation . . . ."); *Moore v. Mills*, No. 3:01-CV-0243-P, 2004 WL 1205183, at *3 (N.D. Tex. June 1, 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) ("The Eight[h] Amendment prohibits deliberate indifference to serious medical needs of prisoners."). Because Plaintiff's deliberate indifference claim arises under the Constitution, this claim does not present a viable cause of action under the FTCA, and Defendant is entitled to summary judgment.[5] *See Meyer*, 510 U.S. at 478; *Trevino v. United States*, No. Civ.A. 3:98-CV-2025-M, 2001 WL 880373, at *4–5 (N.D. Tex. July 24, 2001) (citing *Meyer*, 510 U.S. at 477–78) (finding that the defendants were entitled to summary judgment because the plaintiff only alleged federal constitutional claims that were "not actionable under the FTCA.").[6]

---

[5] To the extent that Plaintiff's deliberate indifference claim is also premised on the alleged denial of medical care at the Federal Transfer Center in Oklahoma, he still does not present a viable FTCA claim.

[6] Even if Plaintiff could assert a claim for deliberate indifference under the FTCA, Defendant has also met its summary judgment burden by pointing out the lack of evidence to support such a claim, and Plaintiff has failed to meet his summary judgment burden because he has not identified or provided any evidence raising a genuine issue of material fact on this claim. *See Celotex*, 477 U.S. at 322–25; *Little*, 37 F.3d at 1075.

## IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**.

**SO RECOMMENDED** on this 25th day of June, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE